EARL G. RICHARDSON *v.* PRATT & WHITNEY MANUFACTURING COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 3—decided February 26, 1943.

*Julius B. Schatz,* with whom were *Arthur D. Weinstein* and, on the brief, *Edward Seltzer,* for the appellant (plaintiff).

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellees (defendants).

DICKENSON, J. The plaintiff claimed to have suffered a coronary thrombosis on July 15, 1940, while in the employ of the defendant, as a result of an unusual exertion in reaching to catch a heavy sheet of metal that was falling, and applied for compensation. The compensation commissioner found that the plaintiff was suffering from a coronary thrombosis and that his disability following July 15, 1940, resulted from this; but he concluded that the thrombosis was neither caused nor aggravated by the plaintiff's reaching for the piece of metal and that the reaching for it was not unusually strenuous, and dismissed the claim, stating that he based this conclusion upon the medical evidence. The plaintiff appealed and moved for a correction of the finding. The motion was granted in minor respects but not in substance. The plaintiff appealed to the Superior Court from the refusal to correct the finding and award. The appeal was dismissed and an appeal taken to this court. The assignments of error attack the failure of the Superior Court to correct the finding and conclusion of the commissioner "for the reason that from all the evidence and from all the subordinate facts, the only legal and logical conclusion is that the claimant's condition resulted from a compensable accident." While this claim is not definite, we understand it to be (1) that the finding is not supported by the evidence, and (2) if the finding is supported by the evidence the subordinate facts found will not support the judgment, and we so consider it.

The plaintiff bases his claim that the injury arose out of the employment solely on the ground that it was caused by unusual exertion. The commissioner

did not find any unusual exertion on the part of the plaintiff. The only evidence as to the so-called "unusual exertion" was that given by the plaintiff himself. He seeks to have the finding corrected so that it will appear that a falling sheet of metal struck his fingertips. The finding may fairly be construed to read that, as the plaintiff was turning over sheets of iron, weighing about one hundred and fifty pounds, one of the pieces slipped, and to prevent it from falling the plaintiff reached out and seized it suddenly; that the plaintiff then tried for a minute to keep going but was in pain and unable to do so. This finding is supported by the evidence and, although the plaintiff later testified that the metal "hit" his hands, the question as to which statement he would accept was for the commissioner to decide. We accept the facts as being as stated above and turn to the main issue in the case, which is whether from the medical evidence the commissioner was justified in his conclusion that the coronary thrombosis was not the result of the exertion.

The plaintiff attacks this conclusion on the ground that, the pain having been contemporaneous with the exertion and his own doctor having given it as his opinion that the exertion caused the thrombosis, a contrary conclusion could not be based on the opinions of the defendant's medical experts, in view of subordinate facts. He attacks the opinion of the defendant's medical experts on two grounds: (1) that it is based in part upon a false hypothesis, and (2) that it is not supported by the experts' subordinate conclusions. As to the first ground the evidence indeed discloses that as to one doctor the opinion might have been based upon a statement of the history of the case given him by the defendant, but other medical experts testified after hearing the plaintiff's own history of the case, and based their opinion upon this. As to the second

ground, the defendant's medical experts gave it as their considered opinion that coronary thrombosis did not arise out of unusual exertion and was not caused by exertion in this case, but they refused to rule out exertion as a possible cause. The plaintiff claimed that the defendant's experts by this had admitted that it might be a cause, and that, his own doctor having testified that in his opinion it was the cause and the pain having been contemporaneous with the exertion, the only logical conclusion was that the exertion caused the injury.

The error in this contention is that it requires a trier of fact to base his judgment upon the absence of conclusive evidence in defense rather than preponderating evidence on the part of a plaintiff. One of the defendant's doctors referred to "the impossibility of making a dogmatic statement that something can never occur" in relation to the possibility of thrombosis having been caused by exertion, but all of them gave it as their definite opinion that in this case exertion was not a cause of coronary thrombosis. This was not only the opinion of these experts, but they gave cogent reasons and facts in support of their conclusion.

In *Orlo* v. *Connecticut Co.*, 128 Conn. 231, 240, 21 Atl. (2d) 402, we said that "the establishment of a causal connection between employment and injury in such a case does not essentially differ from the establishment of a like causation at common law between negligence and injuries which follow." The trial court is not concerned with possibilities in such cases but with reasonable probabilities. *Witkowski* v. *Goldberg*, 115 Conn. 693, 696, 163 Atl. 413. In *McCulloch* v. *Pittsburgh Plate Glass Co.*, 107 Conn. 164, 169, 140 Atl. 114, we observed in a similar situation where the cause of injury was the subject of markedly differing

opinions that if the commissioner's judgment was supported by medical opinions and they, or the grounds upon which they were based, were not unreasonable, his finding could not be corrected. Our recent case of *Jones* v. *Hamden,* 129 Conn. 532, 29 Atl. (2d) 772, is not authority for a contrary position. In that case the cause of death was an aneurysm. We held that the aneurysm might be a compensable injury even though it was incurred while the plaintiff was performing his work in the normal, ordinary way, and that, as it was uncertain how far the commissioner's conclusion was affected by his apparent view that no recovery was permissible unless the injury resulted from unusual activity, the trial court should have remanded the case for a determination of liability by application of the correct rule to the facts found. In the case now before us the commissioner has found upon sufficient evidence that the employment, whether ordinary or unusual, could not have caused the injury. His conclusion may not be disturbed. *Baktis* v. *Sidney Blumenthal & Co.,* 127 Conn. 717, 718, 18 Atl. (2d) 373.

There is no error.

In this opinion the other judges concurred.