PAULINE LEBLANC *v.* JOHN R. BRAY

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued January 9—decision released March 4, 1975

*Sturges N. Laros,* for the appellant (plaintiff).

*Arnold J. Bai,* with whom, on the brief, was *Stephen W. Leermakers,* for the appellee (defendant).

PER CURIAM. This case arises out of an accident which occurred when a motor vehicle operated by the plaintiff in a southerly direction on Mill Plain Road, a public highway in Fairfield, was struck on the left side by the front of a motor vehicle operated by the defendant which had just exited from a private hospital driveway. The finding is not challenged and the only assignments of error not specifically abandoned by the plaintiff in her appeal from the judgment rendered on a defendant's verdict pertain to (1) the denial of the plaintiff's motion to set aside the verdict as not supported by the evidence and (2) claimed errors in the court's charge to the jury.

With respect to the first claim, the verdict returned by the jury was a general one in favor of

the defendant which imports that all issues submitted to the jury were found in favor of the defendant. *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. If the jury could reasonably have found for the defendant on either the issue of his negligence or the plaintiff's contributory negligence, the verdict must stand, and the court, in considering a motion to set aside, must weigh the evidence in the light most favorable to the sustaining of the verdict. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; Maltbie, Conn. App. Proc. § 189. The court's action in this regard is to be tested by the evidence printed in the appendices to the briefs. Practice Book §§ 713–716, 718, 720–721. The record amply supports the court's action in denying the motion to set aside the verdict.

Shortly before the jury returned their verdict, they sent in the following question: "If, in our opinion, the plaintiff is negligent on just one count of the special defense, can we consider that the plaintiff has failed to prove her case?" The court answered this question in the affirmative followed by some explanatory remarks to which no exception was taken by the plaintiff.

In considering the plaintiff's attack on the court's charge, we must, of course, view the charge in its entirety since it is well settled that its total effect is the controlling factor rather than that of any isolated portion thereof. See *Hanken* v. *Buckley Bros., Inc.,* 159 Conn. 438, 442, 270 A.2d 556; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 425, 216 A.2d 818; *Domenick* v. *Wilbert Burial Vault Co.,* 149 Conn. 381, 387, 180 A.2d 290; *Borsoi* v. *Sparico,* 141 Conn. 366, 371, 106 A.2d 170. The claim that the court erred in not using the exact language

set forth in the plaintiff's requests to charge is without merit. *Mace* v. *Conde Nast Publications, Inc.,* 155 Conn. 680, 687, 237 A.2d 360.

With respect to claimed error in the court's refusal to charge, as requested by the plaintiff, that the defense of contributory negligence might be considered as an admission of negligence on the part of the defendant, we stated in *Hardy* v. *Weitzman,* 147 Conn. 727, 728, 162 A.2d 507: "A denial of negligence and a defense of contributory negligence are separate and distinct defenses. The defendants could prevail on either."

There is no error.