## JULIA B. BUDNEY *v.* BRUNO ZALOT

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued April 3—decision released April 22, 1975

*Waldemar J. Lach,* for the appellant (plaintiff).

*David T. Ryan,* for the appellee (defendant).

PER CURIAM. The sole question on this appeal is whether the trial court erred in refusing the plaintiff's offer into evidence of a series of bills for medical examination, treatment and drugs in the absence of any medical expert testimony which would support a finding that there was any causal connection between the accident for which the plaintiff's suit was brought and the services and drugs for which the bills were rendered. "To be entitled to damages a plaintiff must establish a causal relation between the injury and the physical condition which he claims resulted from it. *Bates* v. *Carroll,* 99 Conn. 677, 679, 122 A. 562. This causal connection must rest upon more than surmise or conjecture. *Witkowski* v. *Goldberg,* 115 Conn. 693, 696, 163 A. 413; *Green* v. *Stone,* 119 Conn. 300, 306, 176 A. 123. A trier is not concerned with possibilities but with reasonable probabilities. *Richardson* v. *Pratt & Whit-*

*ney Mfg. Co.,* 129 Conn. 669, 672, 30 A.2d 919. The causal relation between an injury and its later physical effects may be established by the direct opinion of a physician, by his deduction by the process of eliminating causes other than the traumatic agency, or by his opinion based upon a hypothetical question." *Boland* v. *Vanderbilt,* 140 Conn. 520, 525, 102 A.2d 362.

In the absence of any medical evidence whatsoever which would support a finding that the bills offered into evidence by the plaintiff were causally connected with the alleged negligence of the defendant, the court properly excluded the offered exhibits.

There is no error.