STANLEY DULSKI *v.* JAY APPEL ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 5—decision released December 28, 1976

*Morgan P. Ames,* with whom was *Richard Blumenthal,* for the appellant (plaintiff).

*James J. Maher,* with whom, on the brief, were *Brian P. Maher* and *Kevin J. Maher,* for the appellees (defendants).

Bogdanski, J. The plaintiff, Stanley Dulski, brought this action against the defendants, Jay Appel and Irving Appel, seeking damages for personal injuries allegedly caused by the negligence of Jay Appel in the operation of an automobile owned by his father, Irving Appel. The jury returned a general verdict in favor of the defendants. The plaintiff has appealed from the judgment rendered and has assigned error in the court's rulings on evidence, in its refusal to charge as requested, and in its refusal to set aside the verdict.

The plaintiff alleged that "[o]n October 15, 1968, at 3:00 p.m. in Stamford on a right of way between or near the respective residences of the parties, defendant Jay Appel, 18 years old, negligently backed a Chevrolet motor vehicle into [the] plaintiff and knocked [the] plaintiff down and injured [the] plaintiff"; that as a proximate result of that negligence, the plaintiff received serious injuries; that those injuries were caused by the negligence of the defendant operator (1) in failing to keep a proper lookout; (2) in failing to give any signal or warning of his approach; (3) in failing to stop his vehicle when he should have; (4) in operating his vehicle so as to endanger the life, limb and property of the plaintiff; and (5) in so directing his vehicle as to cause it to run into the plaintiff; and that the conduct of the defendant operator was wanton.

The defendants denied being negligent and, by way of special defense, alleged that "the plaintiff was on land owned by the defendants and without the . . . permission of the defendants got into and moved [the father's] automobile off the defendants' driveway and, thereafter, upon the defendant, Jay

Appel, attempting to leave said premises, said plaintiff provoked . . . a boisterous argument and threw himself on to the ground, which conduct proximately caused his injuries, which injuries were caused by his contributory negligence in acting in the manner alleged herein."

The evidence at the trial was most conflicting. The plaintiff testified that as he was standing in the driveway, the defendant backed his automobile into him and caused him to fall to the ground causing his injuries. The defendants denied the car ever struck the plaintiff and offered testimony to the effect that the plaintiff simply fell to the ground of his own accord somewhere behind the car. The defendants then presented voluminous medical evidence to show that the plaintiff had been suffering from heart and other related illnesses since 1965, the very same injuries he now claims were caused by the alleged incident.

The plaintiff claims the trial court erred "in not admitting all the deeds and maps offered to prove plaintiff's ownership of a right-of-way"; "in not charging on plaintiff's claim of right-of-way"; "in failing to charge on one's duty to a trespasser"; and "in denying plaintiff's motion to set aside the verdict."

The plaintiff's complaint asserted a cause of action arising from the defendant's alleged negligent operation of a motor vehicle in certain enumerated ways so as to cause the injuries he now complains of. On the state of the evidence, the primary questions for the jury were whether there was any negligent operation, whether there was any contact between the automobile and the plaintiff, and whether the plaintiff's injuries were in

fact caused by the alleged incident. To recover, the plaintiff had the burden of affirmatively establishing his claims by a fair preponderance of the evidence. The credibility of the witnesses, therefore, was the paramount issue before the jury. Whether the plaintiff met his burden was a determination for the jury, and the general verdict in favor of the defendants indicates that the plaintiff failed to meet that burden.

In view of that sole cause of action, arising out of the negligent operation of an automobile, evidence as to ownership of a right-of-way was not relevant, and was properly excluded in the sound discretion of the trial court. Moreover, the court correctly refused to charge as requested, since the requests likewise pertained to the right-of-way matter.

We now consider the claimed error in the denial of the motion to set aside the verdict. A general verdict in the defendants' favor imports that all issues submitted to the jury were found in their favor. *Kelly* v. *Bliss,* 160 Conn. 128, 129, 273 A.2d 873; *Bradley* v. *Niemann,* 137 Conn. 81, 83, 74 A.2d 876. If the jury could reasonably have found for the defendants on the issue of negligence, that would suffice to support the verdict. *Kelly* v. *Bliss,* supra, 130; and see *Dinda* v. *Sirois,* 166 Conn. 68, 75, 347 A.2d 75; *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 363, 294 A.2d 305. In reviewing the court's denial of the motion to set aside the verdict, we consider evidence in the light most favorable to the sustaining of the verdict. *LeBlanc* v. *Bray,* 168 Conn. 92, 93, 357 A.2d 926; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; Maltbie, Conn. App. Proc. § 189.

The action of the trial court is tested by the preliminary statement of facts contained in the parties' briefs pursuant to §§ 631A and 632A of the Practice Book. The jury had evidence before it that on October 15, 1968, the plaintiff went to the parked car of Irving Appel in order to have it moved, tooted the horn several times but received no response. Without permission, he then opened the car door, released the brake and rolled the car down forty to fifty feet. The defendant, Jay Appel, was in the kitchen having lunch when he heard the horn of the car. He looked out and saw the plaintiff moving his father's car onto the lawn. Jay Appel was a student at Norwalk Community College and was due to attend class at three o'clock that afternoon. He got into the car to drive off to school. The plaintiff, however, stood behind the car and would not let him back the car out. The defendant then asked the plaintiff to move, but each time he tried to move the car, the plaintiff would block his path. On the last occasion, he began to back the car and saw the plaintiff drop to his knees, whereupon he stopped the car and got out. He saw the plaintiff sitting in the driveway three to five feet from the back of his car. He denied that the car ever struck the plaintiff.

"For the attack on the court's refusal to set aside the verdict to succeed, it must appear that the evidence furnished no reasonable basis for the jury's conclusion . . . . The jury were confronted with conflicting evidence at every point. The choice of the more credible evidence was for them to make. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596." *Petrizzo* v. *Commercial Contractors Corporation,* supra, 499. Moreover, the refusal by the trial court, which saw and heard the parties and their

witnesses, to disturb the verdict is entitled to weighty consideration. *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* 149 Conn. 1, 4, 174 A.2d 796. "It is the province of the jury to weigh the evidence and determine the credibility and the effect of testimony; and we must decide the question whether on the evidence presented, the jury could have fairly reached their verdict for the defendants. *Hanauer* v. *Coscia,* 157 Conn. 49, 53, 244 A.2d 611." *Hally* v. *Hospital of St. Raphael,* supra, 359.

On the facts presented, the jury could reasonably have found that the defendant operator was not negligent in any of the ways alleged in the complaint.

There is no error.

In this opinion the other judges concurred.