BARBARA C. OBEREMPT, ADMINISTRATRIX (ESTATE OF DONALD A. OBEREMPT, JR.) *v.* NICHOLAS EGRI ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 12, 1978—decision released February 27, 1979

*William F. Gallagher*, with whom, on the brief, were *Leander C. Gray* and *Richard L. Shiffrin*, for the appellant (plaintiff).

*Kevin T. Gormley*, for the appellees (defendants).

PETERS, J. This case is a wrongful death action arising out of an automobile-truck accident on the Connecticut Turnpike that led to the electrocution of a passerby who attempted rescue. Suit was brought by the plaintiff, Barbara C. Oberempt, as administratrix of the estate of Donald A. Oberempt, to recover damages for the death of the decedent rescuer. The suit originally alleged negligence on the part of five defendants: Nicholas Egri, the driver of the automobile; the state transportation commissioner; Nathan Gische, the operator of the truck; and Simons Haulage Company, Inc., and L. I. Kennedy Trucking Company, employers of Nathan Gische. Before trial, the complaint was amended to eliminate claims against Egri, from whom the plaintiff had received a payment of $50,000, and against the commissioner. The amended complaint was submitted to a jury which returned a verdict for the defendants. The plaintiff appeals

to this court from the denial of her motion to set aside the verdict and the consequent entry of judgment for the defendants.[1]

There was evidence before the jury from which they could have found the following: The accident occurred on a rainy evening in November, 1970, in the westbound lanes of I-95 in the Long Wharf area of New Haven. As the Egri automobile in the center lane passed the truck operated by Gische in the right lane, Egri was somewhat blinded by water on his windshield. Shortly after having passed the truck, Egri braked his automobile; he went into a skid which brought him into the truck's lane. Egri's automobile eventually spun off the roadway, struck a highway light pole, and thereafter became charged with electricity. Gische tried to avoid the Egri automobile, but his efforts jackknifed the truck, which went off the roadway at a location west of and beyond the automobile. The decedent Oberempt observed the accident and offered to help first Gische and then Egri. He was fatally electrocuted when he touched the doorhandle of the Egri automobile. The only important contested factual issue at the trial was whether the Egri automobile was hit by the truck, or whether it landed against the lightpole as a result of its own skid.

The plaintiff has limited her appeal to two alleged errors in the trial court's charge to the jury. She claims that the court should not have charged on intervening negligence, and should have charged more broadly on the emergency doctrine.

The trial court charged the jury on intervening negligence upon the conclusion of its charge on prox-

---

[1] The interests of the three remaining defendants on this appeal are identical.

imate cause. It referred to the possible intervening negligence of the commissioner of transportation and of Egri, the automobile driver, both originally cited as codefendants in the present action. As we have recently reiterated, statements in complaints against parties subsequently withdrawn from a cause of action are admissible as evidence relevant to the issue of proximate cause. *Schenck* v. *Pelkey,* 176 Conn. 245, 248, 405 A.2d 665 (1978); *Tough* v. *Ives,* 162 Conn. 274, 283, 294 A.2d 67 (1972). There was other evidence as well concerning Egri's operation of his car. The court's charge emphasized that intervening negligence would discharge the defendants only if the negligent act or omission of the commissioner, or of Egri, was found to have been the *sole* proximate cause of the decedent's fatal accident. This charge was entirely proper, for the defendants could not have proximately caused an injury which had been caused solely by another. "Even though the intervening cause may be regarded as foreseeable, the defendant is not liable unless his conduct has created or increased an unreasonable risk of harm through its intervention." Prosser, Torts (4th Ed. 1971) § 44, p. 275. The case of *Merhi* v. *Becker,* 164 Conn. 516, 325 A.2d 270 (1973), relied upon by the plaintiff, is inapposite, because it concerned the responsibility for third-party intervention of a defendant found to have been negligent in a way causally connected to the plaintiff's injury. Id., 521.

In connection with this claim of error, the plaintiff also argues that the charge on proximate cause was defective in the manner in which it instructed the jury on the concept of concurrent negligence. Although the court's definition of proximate cause had stressed that the relevant conduct must be a

substantial factor in producing the resulting injury, the portion of the charge dealing with concurrent evidence did not explicitly refer back to the substantial factor test. It is well settled that a charge to the jury is to be read as an entirety and to be judged by its total effect rather than by the language of isolated portions. *LeBlanc* v. *Bray,* 168 Conn. 92, 93, 357 A.2d 926 (1975); *DePaola* v. *Seamour,* 163 Conn. 246, 253, 303 A.2d 737 (1972); *Hanken* v. *Buckley Bros., Inc.,* 159 Conn. 438, 442, 270 A.2d 556 (1970). Maltbie, Conn. App. Proc. § 92, p. 109. The totality of the charge on all of the various aspects of proximate cause more than adequately protected the plaintiff.

The plaintiff's other claim of error concerns the trial court's charge on the emergency doctrine. The emergency doctrine modifies the standard of reasonable conduct ordinarily expected of reasonable men and women by allowing the occurrence of a sudden or unexpected event to be taken into account as one of the circumstances determining what conduct is reasonable. Prosser, Torts (4th Ed. 1971) § 33, pp. 168–69. Restatement (Second), 1 Torts § 296 (1966). "In an emergency not due to his own negligence, one is not relieved of all obligations to exercise care but is required to exercise the care of an ordinarily prudent person acting in such an emergency. *Degnan* v. *Olson,* 136 Conn. 171, 177, 69 A.2d 642; *Puza* v. *Hamway,* 123 Conn. 205, 213, 193 A. 776." *Mei* v. *Alterman Transport Lines, Inc.,* 159 Conn. 307, 312, 268 A.2d 639 (1970). A person faced by such an emergency has some leeway when deciding rapidly between alternative courses of action. Id., 312. *Vachon* v. *Ives,* 150 Conn. 452, 455, 190 A.2d 601 (1963).

The plaintiff does not maintain that the defendants were not entitled to a charge on the emergency doctrine with respect to the defendant Gische. Rather, the plaintiff urges that the charge should also have been given with respect to Egri, the driver of the automobile, since such a charge would have lessened the likelihood that Egri's conduct would have been characterized as intervening negligence.

The applicability of the emergency doctrine to the conduct of Egri has not been established. Egri arguably contributed himself to the emergency by the manner of his own handling of his car when his visibility was impaired. Furthermore, there was no evidence that once his car began to skid, Egri had the opportunity to exercise the kind of rational but hurried choice between alternative courses of action which the emergency doctrine is designed to protect. *Mei* v. *Alterman Transport Lines, Inc.,* supra; *Vachon* v. *Ives, supra.* Under these circumstances, the court's failure to extend the emergency doctrine to Egri was not erroneous, especially since the plaintiff filed no such request to charge.

There is no error.

In this opinion the other judges concurred.