[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #124 OBJECTION TO MOTIONTO STRIKE #126
This matter is before the court on the plaintiff's motion to strike the defendant's second and third special defenses, on the grounds that they are legally insufficient.
On March 13, 1995, the plaintiff, George Bikakis, filed a one-count complaint against the defendant, John Alcock. The complaint alleges that while the plaintiff was seated in the front seat of a state trooper's motor vehicle, the defendant negligently struck the rear end of the vehicle and caused the plaintiff to sustain several injuries.
On August 10, 1995, the defendant filed an amended answer with three special defenses. The first special defense alleges that the plaintiff was contributorily negligent. The second special defense alleges that any "injuries and losses were not due to any negligence on the part of the defendant but were purely accidental in nature caused by the weather conditions and placement of motor vehicles at the scene at the time of the accident." Finally, the defendant's third special defense alleges that any "injuries and losses were due to a sudden emergency caused by the weather conditions then and there existing and the plaintiff's original accident where he flipped his vehicle on said roadway and the placement of the investigating officer's motor vehicle in a travel portion of said roadway."
On October 27, 1995, the plaintiff filed a motion to strike the second and third special defenses together with a memorandum of law in support of the motion.[1] On November 9, 1995, the defendant filed an objection to the motion to strike and a memorandum of law in opposition.
A motion to strike is properly used to contest "the legal sufficiency of any answer to any complaint, counterclaim, or cross-complaint, or any part of that answer including any special defenses contained therein . . . ." Practice Book § 152(5); see Mingachos v. CBS, Inc., 196 Conn. 91, 109-10,491 A.2d 368 (1985). The motion to strike is the correct procedure to challenge the legal sufficiency of a special defense. Nowak v.CT Page 14000Nowak, 175 Conn. 112, 116, 394 A.2d 176 (1978).
The plaintiff contends that the defendant's second and third special defenses are legally insufficient because they are nothing more than a denial of the defendant's own negligence. The defendant argues that Practice Book § 164 requires him to plead additional facts surrounding the accident in a special defense.
"As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164 . . . . Whether facts must be specially pleaded depends on the nature of those facts in relation to the contested issues." Bennet v. Automobile InsuranceCo. of Hartford, 230 Conn. 795, 802, 646 A.2d 806 (1994). If a party wishes to contradict facts alleged in a complaint, it may do so through a general denial. Pawlinski v. Allstate, 165 Conn. 1,6, 377 A.2d 583 (1973).
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation and actual injury." RK Constructors Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994).
A. Second Special Defense
The defendant alleges in his second special defense that any injuries sustained by the plaintiff were "purely accidental in nature."
"The so-called defense of inevitable or unavoidable accident is nothing more than a denial by [the defendant] of his negligence, or a contention that his negligence, if any, was not the proximate cause of the injury." Tomczuk v. Alvarez, 184 Conn. 182,190, 439 A.2d 935 (1981). Furthermore, the Connecticut Supreme Court has held that "[b]y introducing evidence that [a third party] was the sole proximate cause of the decedent's death, the defendant was seeking to establish a set of facts inconsistent with the plaintiff's allegations that the proximate cause of the injuries to the plaintiff's decedent was the negligence . . . of the defendant." Bernier v. National FenceCo., 176 Conn. 622, 630, 410 A.2d 1007 (1979). The court inBernier concluded that "the evidence was inconsistent with a prima facie case and was therefore properly admitted under a CT Page 14001 general denial." Id.
The defendant's special defense of "pure accident" is similar to those alleged by the defendants in Tomczuk and Bernier because the defendant seeks to contradict the allegations that the defendant was the proximate cause of the plaintiff's injuries. Further, because the defendant's second defense is not consistent with the allegations of the complaint, Practice Book § 164 does not require that it be specially pleaded. Therefore, the second special defense is legally insufficient and the plaintiff's motion to strike that defense is granted, accordingly.
B. Third Special Defense
The defendant's third special defense alleges that any injuries sustained by the plaintiff were due to a "sudden emergency."
"[N]egligence has long been defined as the failure to use that degree of care for the protection of another that the ordinarily reasonably careful and prudent person would use under like circumstances." Brown v. Branford, 12 Conn. App. 106, 108,529 A.2d 743 (1987). "The emergency doctrine modifies the standard of reasonable conduct ordinarily expected of reasonable men and women by allowing the occurrence of a sudden or unexpected event to be taken into account as one of the circumstances determining what conduct is reasonable." Oberemptv. Egri, 176 Conn. 652, 656, 410 A.2d 482 (1979).
Here, the defendant's allegation of "sudden emergency" serves to contradict the plaintiff's allegation that the defendant breached a duty of care. Accordingly, because the third special defense alleges facts inconsistent with those alleged in the complaint, the defense is legally insufficient pursuant to Practice Book § 164. Therefore, the plaintiff's motion to strike the third special defense is granted.
THE COURT CT Page 14002
MAIOCCO, J.