[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Roslyn Pinsker, a Connecticut resident, filed an amended two-count complaint on July 12, 2001, alleging that she sustained multiple injuries as a result of an accident in New York state involving a motor vehicle the defendant, Irene Fleming, also a Connecticut resident, was driving and in which Pinsker was a passenger. In her complaint, Pinsker has alleged a violation of several New York vehicle and traffic laws. In response, Fleming filed an answer and special defense alleging the sudden emergency doctrine.
On September 4, 2001, Pinsker filed a motion to strike Fleming's special defense arguing that both Connecticut and New York recognize the doctrine of sudden emergency but, in Connecticut, the defense should not be specially pleaded because a simple denial is sufficient. The defendant argues that the plaintiff based her claim on violations of New York traffic law and as such, New York law should apply. The plaintiff and defendant filed memoranda in support of their respective arguments.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer sewed, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . ., to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998).
To assert the doctrine of sudden emergency, it must be proven "(1) that an emergency actually existed, (2) that the perilous situation was not created by the [party asserting the defense], (3) that the [party], confronted with the emergency, chose a course of action which would or might have been taken by a person of reasonable prudence in the same or a similar situation." Ormsby v. Frankel, 54 Conn. App. 98, 120, 734 A.2d 575
(1999), aff'd on other grounds, 255 Conn. 670, 768 A.2d 441 (2001),[1]
citing Miller v. Porter, 156 Conn. 466, 469, 242 A.2d 744 (1968).
The plaintiff cites to Connecticut Superior Court case law to argue that the defendant should plead the doctrine of sudden emergency as a CT Page 4778 simple denial to the plaintiffs negligence allegations.
The defendant argues that the special defense of sudden emergency should be allowed because the plaintiff erroneously relies on Connecticut law for the argument that the special defense of sudden emergency is unnecessary and improper. The defendant argues that because New York substantive law applies, the Connecticut caselaw cited by the plaintiff is inapplicable. The defendant argues that because the plaintiff claims the benefit of New York traffic and vehicle laws, she must also be subject to its limitations.
"[I]n a choice of law situation the forum state will apply its own procedure." Paine Webber Jackson Curtis, Inc. v. Winters,22 Conn. App. 640, 650, 579 A.2d 545, cert. denied, 216 Conn. 820,581 A.2d 1057 (1990). "While there is no precise definition of either substantive or procedural law, it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress. . . . Where the amendment is not substantive, i.e., not directed to the right itself but rather to the remedy, it is generally considered a distinctly procedural matter." (Citations omitted, internal quotation marks omitted.)Davis v. Forman School, 54 Conn. App. 841, 854-55, 738 A.2d 697 (1999).
The issue in this case is whether the defendant's special defense of sudden emergency should be specially pleaded or whether a simple denial of the plaintiffs allegations is sufficient. The doctrine of sudden emergency is substantive law. Whether it should be pleaded by way of a special defense or general denial, however, is a procedural issue and the law of the forum state, Connecticut, controls. See Paine Webber Jackson Curtis, Inc. v. Winters, supra, 22 Conn. App. 650.
The issue of how to plead the sudden emergency doctrine is unsettled in Connecticut courts because Practice Book § 10-50 does not list sudden emergency as one of the defenses that must be specifically plead. "Section 10-50 ("10-50") of the Practice Book governs the pleading of special defenses, and its language is permissive, not mandatory. . . . The purpose of a special defense is to plead the facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . Because § 10-50 does not list `sudden emergency' as one of the defenses that `must be specially alleged', the issue whether sudden emergency can be pleaded as a special defense remains unsettled in the Superior Court." (Citations omitted; internal quotation marks omitted.) Kiewlen v. Mallison, Superior Court, judicial district of New Haven at Meriden, Docket No. 257510 (December 21, 2000, Levine, J.). CT Page 4779
Other courts, however, have held that, "in a personal injury action arising out of a motor vehicle accident . . . the issue of sudden emergency should be pleaded as a simple denial to the plaintiffs negligence allegations." Gold v. American Economy Insurance Company, Superior Court, judicial district of New Haven at New Haven, Docket No. 380475 (April 26, 1996, Freedman, J.). "[U]nder Connecticut practice facts tending to show that there was a sudden emergency or unavoidable accident can be proven under a simple denial since they bear on the degree of care required by that person confronted with the emergency." (Internal quotation marks omitted.) Mazza v. Alcock, Superior Court, judicial district of Bridgeport, Docket No. 320421 (June 17, 1996,Grogins, J.). Furthermore, "[w]hile negligence of a plaintiff must be raised by special defense pursuant to [Practice Book] § 167, it appears that facts supporting a denial that the defendants' actions were causative is to be raised by a denial, not by a special defense." McCoyv. Vuolo, Superior Court, judicial district of New Haven at New Haven, Docket No. 316972 (April 7, 1995, Hodgson, J.).
In the present case, this court finds the second line of cases more persuasive. "[N]egligence has long been defined as the failure to use that degree of care for the protection of another that the ordinarily reasonably careful and prudent person would use under like circumstances." Brown v. Branford, 12 Conn. App. 106, 108, 529 A.2d 743
(1987). "The emergency doctrine modifies the standard of reasonable conduct ordinarily expected of reasonable men and women by allowing the occurrence of a sudden or unexpected event to be taken into account as one of the circumstances determining what conduct is reasonable."Oberempt v. Egri, 176 Conn. 652, 656, 410 A.2d 482 (1979). Accordingly, the special defense of sudden emergency should be pleaded as a simple denial. Therefore, the plaintiffs motion to strike the defendant's special defense of sudden emergency is granted.
GALLAGHER, J.