RICHARD MULCAHY *v.* CARL A. LARSON ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 6—decided May 6, 1943.

*Leonard O. Ryan,* for the appellant (plaintiff).

*David A. Carlson,* for the appellee (named defendant).

ELLS, J. The plaintiff was employed as a carpenter's helper by the named defendant and was working on a scaffolding attached to a barn owned by the defendant Anderson. The staging collapsed and the plaintiff was injured. He sued Larson and Anderson, alleging that both were negligent, and a verdict of $3000 was rendered against Larson alone. The court denied the plaintiff's motion to set the verdict aside as inadequate and the plaintiff has appealed.

The plaintiff fell from a height of about thirty feet. The evidence as to his injuries was not controverted. He had five broken ribs and fractures of his hip and collarbone. His left lung was punctured and his general condition was so serious that it was impossible to reduce the hip fracture at the time. A Balkan frame and a Thomas splint were used. In the nontechnical language of the patient, "They put it up in a frame, and I had about thirty-five pound weights on it for three months." The puncture of the lung was serious. He spit up blood for about six weeks. He was put in an oxygen tent to permit him to breathe more easily with the one lung that was functioning.

The plaintiff entered the hospital on August 23, 1939, and left on January 6, 1940. No extended statement of the pain and discomfort he suffered during

that period is necessary. It was considerable. When he left the hospital, he wore a "walking caliper leg" attached to the instep of the shoe and strapped up to the hip, the whole length of the leg. He wore this for about five months. He also had to use crutches. On January 28, 1940, he returned to the hospital for a Smith-Peterson nailing operation on the hip. This was an open operation, and consisted of inserting a nail into the hip to fix it firmly. The nail remains permanently in the hip. The wound required about sixteen stitches. He was discharged on July 23, 1940. On or about August 7, 1941, he was in a Veterans' Hospital for about two weeks where x-rays were taken of the lung and hip, and special shoes were prescribed.

The defendant offered no medical testimony. He admitted the qualifications of the plaintiff's doctors, the two attending physicians and surgeons. The plaintiff had testified that he did not work from the date of the injury, August 23, 1939, until October 6, 1941. Dr. Schwartz testified that this was a reasonable period for such disability. There was no cross-examination. Dr. Sweet testified that the plaintiff had a forty degree limitation in the flexion of the knee, and that this stiffness constitutes a permanent disability in that it would permanently interfere with any occupation which required the plaintiff to squat, such as that of a carpenter.

The decision of the trial court is to be given weight and the verdict should stand unless plainly inadequate. The matter of damages is peculiarly one of determination in the trial court and the decision can be disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice or the mind is convinced that it is in fact entirely disproportionate to the injury. Conn. App. Proc., p. 151. To justify setting aside a verdict as inadequate, some-

thing more than a doubt of its adequacy must exist. *Quackenbush* v. *Vallario,* 114 Conn. 652, 655, 159 Atl. 893. The amount of the reasonable hospital and medical bills was $1802.93, of which amount the defendant has paid $315.12. The plaintiff was hospitalized for one hundred and seventy-five days. Although the jury may have been justified in discounting the claims as to loss of wages and permanent disability, such loss and disability exist in considerable degree, and for these and the plaintiff's established pain and suffering $1500 was clearly inadequate.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.