Conrad J. Hauk et al. *v.* Henry J. Zimmerman

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued November 4—decided December 2, 1948

*John D. LaBelle,* with whom was *Jay E. Rubinow,* for the appellants (plaintiffs).

*Robert L. Halloran,* with whom was *Harold G. Johnson,* for the appellee (defendant).

Ells, J. This is an action brought in behalf of a nine-year-old boy by his father, as next friend, to recover damages for personal injuries alleged to have been caused by the defendant's negligence, and by the father to recover sums of money he has expended and will be obliged to expend for the medical, hospital and surgical treatment of his son. The jury returned a verdict of $500 for the boy and one of $200 for the

father. The plaintiffs moved to set aside the verdicts as inadequate, the court denied the motions, and the plaintiffs have appealed.

The actions of trial courts in setting aside jury verdicts because the damages awarded were either excessive or inadequate frequently have been considered by this court. The rules of law applicable to the present situation are these: The decision of the trial court is to be given weight and the verdict should stand unless plainly inadequate. The matter of damages is peculiarly one for determination in the trial court and the decision can be disturbed only from considerations of the most persuasive character, as where the verdict shocks the sense of justice or the mind is convinced that it is in fact entirely disproportionate to the injury; to justify setting aside a verdict as inadequate, something more than a doubt of its adequacy must exist. *Mulcahy* v. *Larson,* 130 Conn. 112, 114, 32 A. 2d 161.

Upon the present appeal there is no claim of permanent injury. The boy was riding in a trailer; it was overturned and he was thrown a distance of about twenty feet. He was driven to the Manchester Hospital. Its records show that he was semiconscious, in very poor condition and bleeding from abrasions on the head and elsewhere on the body. The provisional diagnosis was a possible fracture of the skull, with superficial injuries. His physician was Dr. Lundberg, chief of the medical staff. On the next day, August 2, his condition was much improved, but he continued to vomit and complained of headaches and pains in both arms. X-rays of the skull, taken on August 3, showed no evidence of a fracture. On August 4 his condition again was much improved. He talked well and ate well. On August 7 his condition was satisfactory, and on August 10 he was discharged from the

hospital with the understanding that he would remain in bed at home for at least a week.

Dr. Lundberg saw the boy at his office on August 14, August 21 and September 4 and did not see him again. In April, 1946, an electroencephalogram, a tracing of the brain, was made by a neurologist. It indicated that there had been no damage to the brain.

Some degree of doubt must necessarily arise in a reasonable mind as to the present-day adequacy of the verdict. However, as we have said above, something more than a mere doubt must exist; we cannot disturb the decision in the trial court unless there are "considerations of the most persuasive character." *Mulcahy* v. *Larson*, 130 Conn. 112, 114, 32 A. 2d 161. The jury could have found that there was a brain concussion, that there was a complete and speedy recovery and that the boy was entitled only to damages for pain and suffering for a brief period of time. The amount of such damages is peculiarly one for determination in the trial court. The court and jury had the boy before them for observation. "The trial court had the advantage of seeing the child, observing his movements, and hearing the testimony of the various witnesses; and refused to set aside the verdict. The action of the trial court in such a case is entitled to great weight." *Szivos* v. *Leonard*, 113 Conn. 522, 525, 155 A. 637.

The medical expenses paid by the father amounted to $171.75. The claim is that the award of $200 necessarily imported a finding by the jury that future medical attention would be necessary and that an award of $28.25 for it was inconsistent and inadequate. It is quite as likely that the jury named the round sum of $200 to include interest.

There is no error.

In this opinion the other judges concurred.