By their verdict of October 2, 1952, the jury awarded damages of $250 to the plaintiff Herman Baskin and $25 each to the minor plaintiffs, Richard and Robert Baskin, totaling in all $300. The plaintiffs have moved to set aside the verdict so rendered on the grounds that it is contrary to law and inadequate. The following excerpts from the charge of the court to the jury will serve as a sufficient background to the questions presented: *Page 183 
"In May, 1950, Herman Baskin, his wife, Fay E. Baskin, and their two minor boys, Richard and Robert Baskin, brought this combined action against Julius and Helen Luzietti. Subsequently Mrs. Baskin left the picture as a party plaintiff in this court. Hence when the case commenced trial here yesterday, the plaintiffs were three in number, namely, Herman Baskin, the father, and his two small boys. The case as such grows out of a collision which occurred at about 8 o'clock on the night of December 31, 1949, between a car owned and operated by Mr. Baskin and a car owned by Mrs. Luzietti and operated at the time by her husband.
"You were told at the commencement of the trial by Attorney Sacco, trial counsel for the defendants Luzietti, that the defendants do not dispute that the cause of the collision was due to the negligent operation on the part of the defendant operator. This concession is not to be construed by you as an admission by the defendants that the three plaintiffs, father and two sons, have sustained in any degree those injuries and losses for which they seek substantial damages. The plaintiff father is asking damages of $5,000 and the minor sons damages each in the amount of $1,000. You are instructed that while the concession of the defendants has removed from your consideration the question of legal fault for the collision, nevertheless the plaintiffs are still left with the burden of proving their right to recover as damages anything beyond those items not questioned by the defendants, and of which I shall consider with you later."
Parenthetically, it should be noted at this time that the defendants conceded that the damage to the car of the plaintiff Herman Baskin was in the amount of $100, and they did not question the reasonableness of Dr. Calef's bill of $25 for certain office visits and an x-ray bill of $25. The latter was *Page 184 
a precautionary matter and negative in result. So also the defendants did not question the medical bills of $5 each for an examination of the two minor plaintiffs, and x-ray bills of $15 each relating to these plaintiffs. These x-rays were likewise negative in result.
The charge continued: "At the outset each of the plaintiffs must satisfy you by a fair preponderance of the evidence that he sustained a physical injury and that such injury is entitled to compensation.... The first controversial question is whether the plaintiffs, or any one of them, suffered any physical injury on the evening in question, which was caused by the collision of the two cars.... The injuries claimed to have been sustained by the plaintiff father are set out in Paragraph 6, Count 1 of the complaint, reading: [Quotation omitted] . . . You heard his testimony and that of Dr. Calef. I do recall that this plaintiff stated that his left arm, shoulder and left side of his body came in forcible contact with the left interior side of the car as a result of the impact. Correct me if I am wrong. That Dr. Calef could observe no physical and visible evidence of injury is of course not conclusive. You are to weigh the plausibility and reasonableness of this plaintiff's account...."
Further discussion, at least from the standpoint of claimed inadequacy of the verdict, would be of little profit. By their verdict the jury obviously found that the plaintiffs sustained little or nothing in the way of actual injuries. The claim of the plaintiff father that his injuries practically incapacitated him for a period of almost three months from attending to the management of a new business of his which he had just started must have been rejected intoto by the jury. That the little boys remained out of school for a day or a day and a half is of little importance. There was some testimony that neither *Page 185 
of the lads showed any visible evidence of injury, although the claim was made that one suffered a nose bleed.
The real grievance of the plaintiff father is that the court did not charge the jury that they should consider any loss from his business as an item of damages. Conjectural evidence on this aspect was excluded. It was made to appear that a few months before the episode in question this plaintiff had commenced to start up a business of his own. He offered no proof regarding loss of net profits from inability to carry on the business while recuperating from injuries sustained. Hence the rule stated in Ball v.Pardy Construction Co., 108 Conn. 549, 551, invoked by this plaintiff, has no application. The rule deemed applicable, and applied by the court, is stated in 15 Am. Jur. 573, § 157. But all that apart, the meagerness of this plaintiff's verdict from the standpoint of an allowance for general damages is persuasive that the jury found little or nothing in the way of sustained physical injuries resulting in disability.
Unlike the factual situation found present inMulcahy v. Larson, 130 Conn. 112, there is nothing in the case at bar to justify the setting aside of the verdict rendered. That the plaintiff father saw fit to reject an offer of settlement in the amount of $1250 before trial (he wanted $4000 for all three cases) and again rejected $600 before the case was committed to the jury for decision (in the correct opinion of defense counsel the value had depreciated) are circumstances which do not in themselves warrant interference by the court with the verdict rendered. The evaluation by the jury on the evidence before them respecting damages should not be disturbed. Their collective judgment must stand. Moreover, it is one in which the court is thoroughly in accord.
 The motion is required to be denied.