HENRY BATES, JR., ET AL. *v.* DONALD FRINDER ET AL.

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued May 4—decided June 2, 1971

*Allan R. Johnson,* for the appellant (named plaintiff).

*Donald J. St. John,* with whom, on the brief, was *Paul V. McNamara,* for the appellees (defendants).

PER CURIAM. Henry Bates, Jr., hereinafter referred to as the plaintiff, was a sixteen-year-old high school student who was a passenger in an automobile owned by the defendant Jean K. Frinder and operated by her son, the defendant Donald Frinder. The car was involved in an accident as a result of which the plaintiff was severely injured. By his mother, the plaintiff brought an action against the defendants for damages for his injuries. His mother, individually, joined as a plaintiff to recover as damages the medical expenses which she had incurred on behalf of her son. The case was tried to a jury which returned a verdict for $16,000 in favor of the plaintiff and for $10,138.80 in favor of his mother. Both of them moved to set aside the verdict on the ground that it was inadequate. The

plaintiff's mother subsequently withdrew the motion which she had filed in her individual capacity but at the same time joined with the plaintiff in a motion for an additur by the court to the amount of damages awarded to her son. The court denied both motions and the present appeal ensued, the sole assignments of error being that the court was in error in failing to grant the motion to set aside the verdict in favor of the plaintiff and in refusing to order an additur to that verdict.

We have recently had frequent occasion to repeat the considerations which must govern our decision in such an appeal as this where the claim is that a jury award is inadequate. See *Rood* v. *Russo,* 161 Conn. 1, 283 A.2d 220; *Jerz* v. *Humphrey,* 160 Conn. 219, 276 A.2d 884; *Marin* v. *Silva,* 156 Conn. 321, 240 A.2d 909, and cases cited therein. It is unnecessary to restate the general principles as repeated in those cases. It suffices to note that in reviewing the action of the trial court our primary concern is to determine whether the court abused its discretion, and whether, on the evidence presented, the jury could fairly reach the conclusion they did. "The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." *Marin* v. *Silva,* supra, 323.

We have reviewed both the evidence submitted for the jury's consideration as printed in the appendices to the briefs and the court's detailed memorandum of decision which states the reasons for its conclusion that the verdict "when considered in the overall, and in the light of the evidence as a whole, constituted fair, just and adequate damages to this

plaintiff." We note that the court further concluded that it "does not even feel, upon reflection, that the general verdict of $16,000 under the first count could be viewed as 'poor judgment' on the part of the jury." "The fact that both the court and the jury concurred in their determination is a persuasive argument for sustaining the action of the court on the motion. *Tucker* v. *Halay,* 156 Conn. 633, 634, 242 A.2d 730." *Rood* v. *Russo,* supra.

It is evident that the plaintiff sustained very serious injuries in the accident but it is also apparent that he had a remarkably good recovery. While it appears that to some extent the plaintiff has sustained some permanent disability, it was the province of the jury as the trier of fact to evaluate the evidence and the credibility of the medical witnesses who testified. The record does not compel a conclusion that the jury were influenced by partiality, prejudice, mistake or corruption or that the court abused its liberal discretion in denying the motion to set aside the verdict and the motion for an additur.

There is no error.