ELEANOR KUBECK *v.* FOREMOST FOODS COMPANY, INC.,
ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued December 12, 1979—decision released January 22, 1980

*Thomas F. Keyes, Jr.,* for the appellant (plaintiff).

*Francis M. Bosze,* for the appellees (defendants).

PER CURIAM. The present action was brought to recover for personal injuries allegedly suffered when a truck owned by the defendant, and operated by its employee, collided with the rear of the plaintiff's automobile. The court granted the plaintiff's motion for summary judgment on the issue of liability and the case proceeded to trial before a jury on the issue of damages. The jury returned a verdict in the amount of $10,000 for the plaintiff who subsequently moved to set that verdict aside on the grounds that it was inadequate. The court denied the plaintiff's motion and rendered judgment on the verdict. The only issue on the plaintiff's appeal

is whether the trial court erred in refusing to set aside the verdict in favor of the plaintiff, as being inadequate.

"The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. *Waldron* v. *Raccio,* 166 Conn. 608, 618, 353 A.2d 770; *Neal* v. *Shiels, Inc.,* 166 Conn. 3, 19, 347 A.2d 102." *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172. " 'The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.' *Birgel* v. *Heintz,* 163 Conn. 23, 28, 301 A.2d 249; Maltbie, Conn. App. Proc. § 197." *Thomas* v. *Katz,* 171 Conn. 412, 416, 370 A.2d 978.

There was conflicting evidence at the trial concerning the extent of the plaintiff's injuries and the causal relationship between those injuries and the accident. The resolution of these issues is properly within the province of the jury who determine the credibility of the witnesses and the weight to be accorded their testimony; *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167; *Hamill* v. *Neikind,* 171 Conn. 357, 370 A.2d 959; *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220; and it is their function to determine the damages suffered by the plaintiff. *Mansfield* v. *New Haven,* 174 Conn. 373, 375, 387 A.2d 699; *Angelica* v. *Fernandes,* supra; *Thomas* v. *Katz,* supra; *Birgel* v. *Heintz,* supra. " 'The fact that both the court and the jury concurred in their determination is a persuasive argument for sus-

taining the action of the court on the motion [to set aside the verdict]. [Citations omitted.]' " *Birgel* v. *Heintz,* supra, 30.

We conclude that the trial court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict since, on the evidence presented, the jury could fairly reach the verdict they rendered. *Giammattei* v. *Chieppo Bus Co.,* 171 Conn. 97, 98, 368 A.2d 13; *Hamill* v. *Neikind,* supra; *Fabrizio* v. *Smith,* 164 Conn. 385, 386, 321 A.2d 467.

There is no error.