Edward A. Vetre *v.* Robert W. Keene

Cotter, C. J., Bogdanski, Peters, Healey and Parskey, Js.

Argued April 3—decision released June 3, 1980

*Edward S. Ludorf,* with whom, on the brief, was *Lewis M. Platt,* for the appellant (plaintiff).

*John M. Byrne,* for the appellee (defendant).

Cotter, C. J. The plaintiff brought this action to recover damages for personal injuries alleged to have been sustained in an automobile collision caused by the negligence of the defendant. A summary judgment was granted to the plaintiff as to liability only and the case was tried on the issue of damages. The jury returned a verdict of $1000, and

the plaintiff appealed from the judgment rendered on the verdict, which the court refused to set aside as inadequate.

The plaintiff alleged that on May 23, 1975, he was injured when the car he was operating, which was stopped at a red traffic light, was struck in the rear by a vehicle operated by the defendant. The plaintiff was taken from the accident scene to the hospital where he complained of pain in his lower back which he attributed to the accident. He remained in the hospital for eleven days and was treated by an orthopedic surgeon and a neurosurgeon and, in October, 1976, underwent surgery to his lower back.

The plaintiff had a history of lower back problems prior to this accident. In 1966, he had a disc problem resulting from a workplace injury and was treated at that time by two doctors, one of whom performed a disc operation on his lower back. Again, in 1967, he returned to the same hospital for another operation, this time to remove scar tissue resulting from the first operation. In 1970, while employed by the city of Bristol, he reinjured his back and an operation was performed on his lower back in June of that year. In 1971 a spinal fusion was performed. The plaintiff continued to have lower back problems and in March, 1972, another spinal fusion was performed. On November 26, 1974, his orthopedic surgeon, after examination, gave the plaintiff a disability rating of 20 percent of the lumbar spine.

The plaintiff's hospital and medical expenses, after the 1975 accident and to the time of trial, amounted to $6047.77 and he also claimed to have incurred a partial disability to his back, lost wages and damage to his vehicle. The nature and extent of

the plaintiff's injuries, the damage to his car, the manner in which the accident occurred and the velocity of impact in the collision were sharply contested. The trial court's memorandum of decision on the motion to set aside the verdict states: "There was evidence produced which would have justified the jury in concluding that the impact between the two vehicles was of a minor nature, and that the plaintiff suffered only a mild shakeup."

Litigants have a constitutional right to have issues of fact decided by the jury and our primary concern in reviewing the action of the trial court on a motion to set aside a verdict is to determine whether the court abused its discretion. *Hanauer* v. *Coscia,* 157 Conn. 49, 53, 244 A.2d 611. On the evidence presented, we decide only whether the jury could fairly reach the verdict they did since the credibility of witnesses and the weight to be accorded to their testimony lie within their province. The jury may accept a part of the testimony and disregard the remainder and the assessment of damages for the plaintiff's injuries is peculiarly a matter for the jury. We cannot retry the case. *Desmarais* v. *Pinto,* 147 Conn. 109, 110–11, 157 A.2d 596. The ruling of the trial court should not be disturbed unless the verdict was manifestly inadequate. Id., 111.

A primary factual issue confronting the jury was whether the fault of the defendant was a proximate cause of the damages alleged by the plaintiff. The testimony and evidence presented to the jury were in sharp conflict, especially as to the severity of the impact at the time the collision occurred. The extent of damage to the plaintiff's car was strongly contested by the defendant who offered photographs

allegedly taken at the time of the accident, in addition to the testimony of witnesses relative to the minor nature of the impact which the defendant claimed was a "slight bump" resulting in "no damage to the vehicle." The plaintiff testified to the contrary and, inter alia, stated in a motor vehicle accident report he filed with the commissioner of motor vehicles that there was damage to the "rear bumper, two hundred dollars."

The question of whether the plaintiff's injuries are proximately caused by the defendant's negligence depends upon whether they are traceable in causal relation to the accident. The test is whether the defendant's conduct was a substantial factor in causing the plaintiff's injuries and this is one of fact for the jury. *Hofacher* v. *Fox,* 142 Conn. 179, 184, 112 A.2d 217; James & Perry, "Legal Cause," 60 Yale L. J. 761. The causal relation between the defendant's wrongful conduct and the plaintiff's injuries must be established in order for the plaintiff to recover damages. *Miranti* v. *Brookside Shopping Center, Inc.,* 159 Conn. 24, 27, 266 A.2d 370; *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449; *Connellan* v. *Coffey,* 122 Conn. 136, 139, 142, 187 A. 901. See *Bogart* v. *Tucker,* 164 Conn. 277, 286–87, 320 A.2d 803.

It was for the jury to evaluate the evidence as to the nature of the accident, the damage to the vehicles and the credibility of the medical testimony. *Bates* v. *Frinder,* 161 Conn. 566, 568, 287 A.2d 739. Doctor Stanley P. Filewicz, an orthopedic surgeon who treated the plaintiff prior to the accident, testified that in his opinion the accident aggravated the plaintiff's previous back condition causing additional muscle spasm and scar tissue from previous

surgeries to fragmentize which in turn caused more inflammation around the nerve and increased pain. Doctor Russell S. Bower, a neurosurgeon called by the plaintiff, testified on cross-examination that the plaintiff's problems were as consistent with his prior back problems as they were with any accident. In addition, Doctor Frederick A. Serbin, an orthopedic surgeon called by the defendant, testified that at an examination of the plaintiff four months after the accident, there were no objective signs of spasm or pain in the low back; the neurological examination of the lower legs, ankles and toes was normal; and there was no evidence of nerve root irritation.

In a personal injury action, the jury are not obliged to accept the ultimate opinion of the expert witnesses who testified and may reject their opinions on the ground that they found that the opinions were based on subordinate facts which they did not find proven. *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 358, 294 A.2d 305. The jury were confronted with conflicting evidence and the choice of the more credible evidence was for them to make. *Dulski* v. *Appel,* 172 Conn. 187, 191, 374 A.2d 177; *Birgel* v. *Heintz,* 163 Conn. 23, 30, 301 A.2d 249. Under all the circumstances, the jury would be justified in discounting the plaintiff's claims due to the questioned causal connection of the impact with the plaintiff's claimed injuries. In such a case the jury may have reasonably reached the conclusion that the plaintiff failed to sustain the burden of proving by a fair preponderance of the evidence that the conditions of which he complained were caused by the 1975 accident. To be entitled to damages, the plaintiff must establish a causal connection between his injuries and physical condition which he claims

resulted from the accident and this causal connection must rest upon more than surmise. *Budney* v. *Zalot,* 168 Conn. 388, 362 A.2d 861.

In the last analysis, under proper instructions, the trial court must leave the question to the jury whether the defendant's conduct was a substantial factor in producing the injuries or part of the injuries to the plaintiff. *Mahoney* v. *Beatman,* 110 Conn. 184, 196, 147 A. 762; annot., 66 A.L.R. 1134. To justify setting aside a verdict, something more than a doubt of its adequacy must exist. *Mulcahy* v. *Larson,* 130 Conn. 112, 32 A.2d 161. On review of an allegedly inadequate verdict the Supreme Court decides only whether, on evidence presented, the jury could fairly reach the conclusion they did and the concurrence of the trial court is a persuasive argument for sustaining the verdict. *Kubeck* v. *Foremost Foods Co.,* 179 Conn. 486, 487, 427 A.2d 391; *Rood* v. *Russo,* 161 Conn. 1, 3, 283 A.2d 220.

There is no error.

In this opinion the other judges concurred.