[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion for summary judgment.
The plaintiff minor alleges in her complaint that she was injured while playing in a vacant lot owned by the defendant when another minor started a fire. The children were under the supervision of one of the children's sisters who, at the time of the accident was in her home located next door to the defendant's lot. The defendant's home is located across the street from the vacant lot.
The plaintiff further alleges that the defendant was negligent in that he failed to supervise the children playing with a dangerous substance on his property and that he was also negligent in that he failed to provide supervision.
In any negligence action, "(t)he causal relation between the defendant's wrongful conduct and the plaintiff's injuries must be established in order for the plaintiff to recover damages." Ventre v. Keene, 181 Conn. 136, 139,434 A.2d 327 (1980). The defendant's main argument in support of his motion for summary judgment is that he was not the proximate cause of the plaintiffs' injuries and damages. "A proximate cause is a direct cause. It is an act or failure to act, followed in its natural sequence by a result without the intervention of any other superceding cause. . . Where the sequence of events is unbroken by any intervening cause, an act or failure to act is a proximate cause of the result. Proximate cause is thus an act or failure to act which is a substantial factor in producing a result." Sanders v. Officer's Club of Connecticut, Inc., 196 Conn. 341, 349,493 A.2d 184 (1985). "The `substantial factor' test, in truth, reflects the inquiry fundamental to all proximate cause questions; that is, `whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence.'" Doe v. Manheimer, 212 Conn. 748,758, 563 A.2d (1989).
In his brief, the attorney for the defendant argues that he did not and could not possibly foresee the harm that caused the injuries. However, it is not necessary that the person have actual knowledge. The complaint does not allege actual knowledge as the sole basis for liability but rather alleges that ". . . the defendant knew or in the exercise of ordinary care should have known that other children were likely to bring dangerous. . . materials onto the property." CT Page 8774
Thus, the statements of the parties are in conflict, and as a result the court must bear in mind that "(t)he issue of proximate causation is ordinarily a question of fact for the trier . . .' It becomes a question of law only when the mind of a fair and reasonable man could reach only one conclusion; and if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact.'" Trzcinski v. Richey, 190 Conn. 285, 295, 460 A.2d 1269
(1983). A reasonable disagreement exists here, and therefore, the issue of proximate cause raised by this motion would be more appropriately determined at trial.
The defendant's argument as to proximate cause and trespass are equally not persuasive.
The fact that the actions of the person starting the fire may have been the proximate cause of the injuries does not mean that the actions of the defendant could not have been a proximate cause since "(m)ore than one proximate cause may result in any harm suffered." Coburn v. Lenox Homes, Inc.,186 Conn. 370, 383 (1932).
Similarly, while it is true one does not ordinarily owe a duty to a trespasser or to keep the property in a reasonably safe condition, nonetheless, defendant himself, in his special defense, argues that the children were invitees under Connecticut General Statutes Sections 52-557 (g) and (h). These inconsistent postures raise a question as to the duty of care owed.
Motion is denied.
MIHALAKOS, J.