[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this case, there was a jury award of damages to the plaintiff in the amount of $98,600.00, the jury allocating $38,000.00 for economic damages and $60,600.00 for non-economic damages. The plaintiff has moved to have this award set aside on the ground of inadequacy and, further, moved for an additur. The claim is advanced that the award for economic damages was inadequate and contrary to the evidence presented, in that the claim for non-economic damages was based upon the same evidence apparently rejected by the jury with regard to the claim for economical damages, thereby leading to the conclusion that the jury must have been influenced by partiality, prejudice, mistake or corruption.
The court finds itself somewhat puzzled by this claim. The CT Page 6092 extent to which the jury found the plaintiff's evidence on her claimed special damages consisting of medical and wage claims is, of course, unknown. "The matter of damages is peculiarly one for determination in the trial court and the decision can be disturbed only from considerations of the most persuasive character . . . . . . something more than a doubt of its inadequacy must exist." Huak v. Zimmerman, 135 Conn. 259, 260.
The court, as indicated, is puzzled, simply because it is unable to grasp the plaintiff's reasoning that there is some relationship between the jury award for economic damages and that for non-economic damages. According to the court's calculations, the claimed medical specials totalled some $21,862.62. It is logical to conclude that the difference between this figure and $38,000.00 represented the jury's award for the wage claims. It would be entirely conjectural to what extent the jury lent credence to the plaintiff's claims for wage loss and/or loss of earning capacity. It would be just as conjectural to attempt to find a relationship between the awards for non-economic and economic damages.
"The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusions that the jurors were influenced by partiality, prejudice, mistake or corruption. . . ." Marin v. Silva, 156 Conn. 321, 323. The award may have been disappointingly low, but not such that the court can say that it shocked the sense of justice so as to conclude that it was inadequate as a matter of law.
The motion to set aside the verdict and to order an additur is denied.
BELINKIE, STATE TRIAL REFEREE