[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #126
April 13, 1992, the plaintiff Colleen Clark brought this action to CT Page 583 recover damages from defendants Kathleen Lemlin and David Clark, for injuries sustained in a car accident. The following facts are taken from the plaintiff's complaint. The plaintiff alleges in her complaint that she was a passenger in a car driven by her husband, defendant David Clark, which collided with defendant Lemlin's car on April 18, 1990. Subsequent to the accident defendant Lemlin brought suit against David Clark for personal injuries sustained in the collision. This action, Docket No. CV-90-0059341S (the "prior action"), proceeded to trial in October 1991 and resulted in a jury verdict apportioning liability. The jury found David Clark 65% liable and Lemlin 35% liable, and the verdict was never appealed.
The plaintiff in the current case filed a motion for summary judgment on June 9, 1993, asserting that the drivers' liability for the accident was conclusively resolved in the prior action and that the defendants should be collaterally estopped from retrying the issue. This motion was denied by the court, Arena, J., on July 6, 1993, without a written opinion. On December 3, 1993, defendant David Clark filed a similar motion for summary judgment on the issue of liability, again asserting that the jury verdict in the prior action is collateral estoppel in the present case. Defendant Lemlin filed a memorandum in opposition, asserting that the prior decision of Judge Arena is the law of the case on this issue, and that collateral estoppel would be inappropriate in the present case because there is no mutuality of the parties.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989), citing Dowling v. Kielak, 160 Conn. 14, 16, 273 A.2d 716
(1970). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Citations omitted.) State v. Goggin,208 Conn. 606, 615, 546 A.2d 250 (1988). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Id., 616.
Collateral estoppel, or issue preclusion, prohibits the re-litigation of an issue when that issue was actually litigated and necessarily determined in a prior action." (Citations omitted.) Aetna Casualty 
Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the prior action. It must also have been actually decided and the decision must have been necessary to the judgment." CT Page 584 (Internal quotation marks omitted.) Id., quoting Virgo v. Lyons,209 Conn. 497, 501, 551 A.2d 1243 (1988). The issue of apportioning liability between the two drivers in causing the accident was fully litigated and expressly determined by the jury in the prior action. However, the negligence of the drivers as the proximate cause of the injuries of the plaintiff, Colleen Clark was not determined by the earlier jury.
Negligence is a breach of duty. A duty of care may be imposed by a Statute or it may arise when the activity of two persons come together. It is the doing of some act that a reasonable prudent person would not do under the same or similar circumstances or the failure to so act in a situation where the reasonable prudent person would act. Negligence in and of itself is not actionable negligence unless and until it is a proximate cause of the injuries and losses sustained by another. Vetre v. Keene, 181 Conn. 136, 139 (1980). The wrongful conduct of the two defendants in this case does not become actionable negligence upon which this plaintiff can rely until proximate cause and resulting losses of that negligence are also proven.
The jury verdict in the prior action only sets forth the respective percentages of fault for the claimed losses and damages suffered by the then plaintiff operator Lemlin against the then defendant operator David Clark, not the defendant drivers' percentages of fault for causing the current plaintiff, Colleen Clark's injuries, which could have occurred at any time before, during or immediately after the actual collision itself. Furthermore, the plaintiff's injuries may be more attributable to the negligence of one defendant rather than the other. See Vetre v. Keene, supra; Bogart v. Tucker, 164 Conn. 277, 320 A.2d 797 (1973) (Negligence of defendant motorist was not proximate cause of plaintiffs injuries where collision with defendant was secondary.).
Moreover, Tort II law applies. Conn. General Statutes 2-572h(f) states as follows:
 "The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of fact necessary for the court to specify recoverable economic damages and recoverable non-economic damages; (4) the percentage of negligence that proximately caused the injury, death or damage to property in relation to one hundred per cent, that is attributable to each party whose negligent actions were a proximate cause of the injury, death or damage CT Page 585 to property including settled or released persons under subsection (n) of this section; and (5) the percentage of such negligence attributable to the claimant."
To impose upon the jury in this case the 65% — 35% division of liability as determined by the jury in the prior action by and between the operation of the two automobiles is effectively directing the jury to find the percentage of such negligence attributable to the claimant to be zero. General Statutes in 52-572h(f)(5). The fact that the plaintiff in this case is a passenger does not per se determine that she is free of negligence. The issue to be determined in this case in part will be the percentage of negligence that proximately caused the plaintiff's injury, in relation to 100%, that is attributable to each party including the plaintiff herself.
The verdict form is statutorily mandated. The fact that there is no claim of contributory negligence is of no importance.
Motion for summary judgment is denied.
WALSH, JOHN, J.