[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
The plaintiff seeks to set aside a verdict in the amount of $60,0000. as inadequate, or, in the alternative, seeks an order for an additur.
The evidence disclosed special damages, including hospital, medical and pharmacy bills slightly in excess of $9,000. In addition, the doctors introduced by the plaintiff recommended surgery for injuries to the plaintiff's right knee and back, for which it was estimated future medical and hospital bills would total some $40,000. Opinions as to permanent partial disability varied with the doctors. Plaintiff's Doctor Merikanges estimated 15% of the back and neck at best. Plaintiff's Doctor Mintz estimated 5-10% of the back. Defendants' Doctor Brown estimated 5% disability of the right knee.
Superimposed on the plaintiff's medical picture was a congenital condition known as spondylolisthesis which was defined as a forward displacement of a vertebra on the sacrum, which, it was claimed was aggravated by this accident. Also, blurring the picture was the plaintiff's own testimony with respect to future surgery. She first testified that she had been fearful that surgery would cause her to end up in a wheelchair. Under cross-examination, she testified that she would think of surgery. Finally, she stated that she intended to undergo surgery in the future. CT Page 3257
Defendants' doctors saw no necessity for surgery. It was their opinion that most of her problems with her knee and back was caused by her tremendous increase in weight after the accident. It was undisputed that the plaintiff had gained some one hundred pounds in weight since the accident of 1986, and, that, according to defendants' doctors, weight reduction and back exercises would stabilize her spine which only became destabilized some two to three years after the accident.
There was no claim that the jury verdict was influenced by partiality, prejudice, mistake or corruption. Marin v. Silva,156 Conn. 321, 323. The only claim was that the verdict was inadequate in the light of the injuries, medical bills and future medicals. "The matter of damages is peculiarly one for determination in the trial court and the decision can be disturbed only from considerations of the most persuasive character . . . . something more than a doubt of its adequacy must exist." Hauk v. Zimmerman, 135 Conn. 259, 260. Particularly is this true in the case of conflicting medical testimony. "The jury were `the ultimate judge of the credibility of witnesses and the weight to be accorded their testimony.'" Riccio v. Abate, 176 Conn. 415, 418.
The motions are denied.
BELINKIE, JUDGE REFEREE