[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this case, the jury found damages in the amount of $14,853.42, which was reduced to an award of $7,426.71 based on a finding of 50 percent comparative negligence on the part of the plaintiff.
The plaintiff has filed a motion to set the verdict aside on the sole ground that the verdict was against the evidence in that the award was inadequate and unreasonably low. He does not contest the jury finding of 50 percent comparative negligence. Plaintiff's counsel has based his claim of inadequacy on the contention that the jury mistook the evidence in finding damages in the amount of $14,853.42, claiming that this amount represented only the claimed special damages of medical bills in the amount of $11,905,.83 and lost earnings in the amount of $2750, hence, nothing for pain and suffering and for claimed permanent injuries to the neck, knee and back.
The mere fact that the jury's finding of damages was hardly more than the claimed special damages does not in and of itself show that the jury had mistaken the evidence. The court charged the jury that in addition to general damages, it could award special damages for medical bills and lost earnings provided it CT Page 1524 found that such bills were reasonable in amount and necessary because of the injuries sustained.
The plaintiff's claims of special damages were rigorously contested. In particular, the defendant argued that the bill of the Functional Restoration Center, over $5500, was excessive, if not entirely unnecessary in the light of the injuries claimed. In addition, the defendant's medical examiner, Dr. Roger Kay, testified that some of the plaintiff's medical problems were degenerative in nature and that there was no relationship between the accident and the subsequent development of such injuries.
The extent to which the jury found the plaintiff's evidence on his claimed special damages to be credible is, of course, unknown. It is generally a fruitless endeavor to attempt to analyze factors that might be involved in a jury award of damages, or conjecture as to how or why a jury arrived at its determination of damages. "The matter of damages is peculiarly one for determination in the trial court and the decision can be disturbed only from considerations of the most persuasive character . . . something more than a doubt of its adequacy must exist." Hauk v. Zimmerman, 135 Conn. 259, 260. Particularly is this true in the case of conflicting medical testimony. "The jury were `the ultimate judge of the credibility of witnesses and the weight to be accorded their testimony'". Riccio v. Abate,176 Conn. 415, 418. See also Marin v. Silva, 156 Conn. 321.
The motion to set aside is denied.
BELINKIE, JUDGE REFEREE