[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO SET ASIDE
In this suit against three defendants, the plaintiff obtained a jury verdict in the amount of $10,379.53 against one defendant, Mehrdad M. Moussavian, while the court directed a verdict in favor of the other two defendants, Mansour and Parivash Moussavian. The plaintiff now seeks to set aside the verdict as to damages only and for additur.
The jury award consisted of an amount $5,379.53 economic damages and $5,000. non-economic damages. CT Page 13549
It is generally a fruitless endeavor to attempt to analyze factors that might be involved in a jury award of damages, or, conjecture as to how or why a jury arrived at its determination of damages. While the award for non-economic damages might not be considered overly generous, "The matter of damages is peculiarly one for determination in the trial court and the decision can be disturbed only from considerations of the most persuasive character . . . something more than a doubt of its inadequacy must exist." Hauk v. Zimmerman, 135 Conn. 259, 260. "The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jurors were influenced by partiality, prejudice, mistake or corruption. . . ." Marin v.Silva, 156 Conn. 321, 323.
There is nothing in this case that so indicates. "A conclusion that the jury exercised merely poor judgment is likewise insufficient." Birgel v. Heintz, 163 Conn. 23, 28.
The motion is denied.
BELINKIE, JUDGE REFEREE