[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re: MOTION TO SET ASIDE
In this case, the plaintiff, Teresa Caruso obtained a jury verdict in the amount of $15,000. against the defendant, Quickie Cab Company, Inc, and its driver, Luis Rivera.
The plaintiff now seeks to set aside the verdict as inadequate or in the alternative, that an additur be ordered. The plaintiff's claims are based on the fact that the verdict in the amount of $15,000. was barely higher than claimed medical special damages of $14,582.45., leaving practically nothing for pain, suffering and claimed permanent injuries of 10% of the lower back and 5% to each of her right and left wrist due to carpal tunnel surgery.
Prior to the commencement of the jury deliberations, both counsel stipulated that a general verdict was agreeable, thereby, avoiding the necessity for the jury to find separate amounts for economic and non-economic damages. CT Page 6111
This action arose out of an incident which occurred on June 3, 1991, when a cab which the plaintiff was entering, started to drive away before she was entirely inside, thereby dragging her a short distance. She claimed pain in her low back and right shoulder and was taken to the emergency room at St. Vincent's Hospital the same day, where she received x-rays, medication and was discharged with a walker.
Ten days later, June 13, 1991 she visited Dr. Garver, with whom she entered upon an extensive period of physical therapy treatment, lasting for several years. Dr. Garver's total bill for treating and physical therapy, and also including carpel tunnel surgery of both wrists, for a charge of $1204 each, some year and one-half after the date of accident, amounted to $8688. It was Dr. Garver's opinion that the plaintiff suffered a 10% permanent disability of her low back and 5% for each of her hands.
The plaintiff was referred to a Dr. Alkaitis, a neurological consultant, who saw her on August 7, 1991 and again on October 8, 1991. Dr. Alkaitis' report indicated that an MRI performed on August 22, 1991 showed minimal bulging of the disc at 4-5 level but no herniation. He was unable to assign any permanent disability because he didn't see her for any significant time, but felt that she had a partial disability when he did see her. Dr. Alkaitis' diagnosis was a lumbosacral sprain.
The plaintiff was also referred to Dr. Mastroianni, a neurosurgeon, who also diagnosed a chronic lumbar sprain. Both Drs. Alkaitis and Mastroianni indicated that the plaintiff was obese and the latter reported that her symptoms were exacerbated by her weight. The plaintiff admitted that it had been recommended that she lose weight for her back problem.
Cross-examination of the plaintiff revealed that in January of 1996, she sustained a broken ankle when she slipped on ice, which confined her for four weeks.
It is generally futile to attempt to conjecture as to how or why a jury arrived at its determination of damages. The mere fact that the jury's finding of damages was hardly more than the claimed special damages does not in and of itself show that the jury had mistaken the evidence. The court charged the jury that in addition to general damages, it could award special damages for medical bills provided it found such bills were reasonable in amount and necessary because of the injuries sustained. CT Page 6112 Particularly, in view of the stipulation removing from the jury's determination a separate finding for economic and non-economic damages, is it a fruitless endeavor to attempt to analyze factors that might be involved in the award.
The plaintiff's claims of special damages were rigorously contested. In particular, Dr. Garvers' bill of $8868. was sharply attacked as excessive. In addition, the jury could have found that much of the plaintiff's problems were caused by her weight and reflected such in its verdict. Again, what part evidence of the plaintiff's leg fracture in January 1996 played in the jury's determination of any claimed present disability will not be known.
"The matter of damages is peculiarly one for determination in the trial court and the decision can be disturbed only from considerations of the most persuasive character. something more than a doubt of its adequacy must exist." HAUK v. ZIMMERMAN,135 Conn. 259, 260. There appears to be no claim that the jury verdict was influenced by partiality, prejudice, mistake or corruption. MARIN v. SILVA, 156 Conn. 321, 323. The only claim is that the verdict was inadequate in the light of the injuries and medical bills.
"The ultimate test is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jurors were influenced by partiality, prejudice, mistake or corruption . . . ." MARIN v.SILVA, 156 Conn. 321, 323.
There is nothing in this case that so indicates even though the award might be considered disappointingly low. "A conclusion that the jury exercised poor judgement is insufficient" BIRGEL v.HEINTZ, 163 Conn. 23, 28.
The motion to set aside is denied.
BELINKIE, J.R.