[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS FOR ADDITUR AND TO SET ASIDE THE VERDICT
At the conclusion of a rather lengthy trial, in which the CT Page 4262 plaintiffs claimed that an automobile accident caused a variety of injuries, including a cervical disc herniation requiring surgery and a traumatic brain injury, the jury returned a verdict in the amount of $4500 in economic damages and $1500 in noneconomic damages, reduced by 10% comparative negligence. The plaintiffs subsequently filed the instant motions to set aside the verdict and for an additur.
I have reviewed the claims of error carefully and have read those cases cited which were not previously familiar to me. As to the claimed errors in the instructions to the jury, it should be noted that the substance of the instructions requested by the plaintiffs indeed was charged, though in a form abbreviated from that submitted by the plaintiffs. I do not find error in the instructions; I also do not believe that giving the instructions precisely as requested by the plaintiffs would have made any difference in the jury's verdict.
Similarly, the claimed errors in evidentiary rulings do not, in the context of the trial, warrant setting aside the verdict. I have reviewed the claims and I see no reason to depart from the rulings made at trial. I also believe that the rulings requested by the plaintiffs would not have changed the result of the trial.
The issues concerning the adequacy of the verdict require more discussion. As noted above, the plaintiff Richard Opotzner claimed to have suffered a catastrophic set of injuries as a result of the automobile accident, and the claim for past medical bills alone exceeded by many times the economic damages awarded by the jury. The plaintiffs also claim to have lost their business as a result of the injury. Much of the dispute in the trial concerned causation, however, The defendants stressed evidence showing, among other things, that the plaintiff Richard Opotzner had a preexisting calcified herniated cervical disc, that the impact in the collision was relatively minor and no medical attention was sought at the scene or soon thereafter, and that Mr. Opotzner missed no work immediately following the accident. Expert testimony offered by the defendants suggested that the accident had a minimal causative role in the progression of Mr. Opotzner's condition. Although there was evidence offered by the plaintiffs which, if credited, could support a substantial award of damages, the issues regarding causation of the injuries were hotly contested. The jury quite clearly believed that the accident itself was a relatively minor event in the progression of the plaintiff's condition. CT Page 4263
Litigants have a constitutional right to have factual issues determined by a jury. Mather v. Griffin Hospital, 207 Conn. 125
(1988). If, on the evidence, a jury could reasonably have decided as it did, the court may not set the verdict aside. Malmberg v.Lopez, 208 Conn. 675, 679-80 (1988). The court is not entitled to substitute its judgment for that of the jury, where issues were reasonably contested and the evidence was conflicting. Ford v.Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 58
(1990). If there is some evidence on which the jury could reach its conclusion, it will not "shock the conscience" of the reviewing court. See, e.g., Birgel v. Heintz, 163 Conn. 23, 26,28 (1972). See generally Childs v. Bainer, 235 Conn. 107 (1995).
The instant case bears some resemblance to Vetre v. Keene,181 Conn. 136 (1980). There, after a hearing in damages, the jury awarded $1,000. The plaintiff had been hospitalized for eleven days after the accident and underwent back surgery a year and a half after the accident. The plaintiff had preexisting difficulties, however, and the issue of causation was hotly contested. Holding that the issue of causation was appropriately one for the jury, the court declined to set aside the verdict. In order to set a verdict aside, the court must have more than a doubt as to adequacy, and the only issue was whether the jury's conclusion could have been fairly reached. Id., at 141.
As to the case at hand, I cannot hold that the jury's determination was made without evidence, as the issues regarding causation were hotly contested. The motions to set aside and for additur, then, are denied.
Beach, J.